UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
===============================:

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | 07-cr-1128 (DAB) |
| : | |
| — *against* — : | |
| : | |
| : | <u>Notice of Motion</u> |
| KAREEM BURKE, : | <u>to Suppress Evidence</u> |
| : | |
| Defendant. : | |

===============================:

PLEASE TAKE NOTICE that the above named defendant, KAREEM BURKE, by

and through his attorney Jeremy F. Orden, Esq., will move this Court before the Hon.

Deborah Batts, United States District Judge, Southern District of New York, in the

United States Courthouse at 500 Pearl Street, New York, NY, at a time that is convenient

to the Court for an order

1. pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure suppressing
   the evidence seized as the result of an unconstitutional seizure;

2. suppressing any and all the statements made by Defendant to the police as a
   violation of the accused's Fourth Amendment right not to be arrested in the
   absence of probable cause; and

3. for such further relief as this Court shall deem just and proper.

Dated: New York, NY
　　　March 27th, 2008

Yours, *etc*.,


/s/ *Jeremy F. Orden*

JEREMY F. ORDEN, ESQ.
277 Broadway
Suite 1010
New York, NY 10007
Tel.: (212) 406-4100


To:    Hon. Deborah Batts
       United States District Judge
       Southern District of New York

       Amy Lester, Esq.
       Ass't U.S. Attorney
       Southern Dist. of New York

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================:

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 07-cr-1128 (DAB) |
| | : | |
| — *against* — | : | Declaration in Support |
| | : | of Motion |
| | : | to Suppress Evidence |
| KAREEM BURKE, | : | |
| | : | |
| Defendant. | : | |

================================:

STATE OF NEW YORK}
COUNTY OF NEW YORK}
SOUTHERN DISTRICT OF NEW YORK}        *s.s.*:

   Jeremy F. Orden, Esq., pursuant to Title 28 United States Code Section 1746, hereby

declares, under penalty of perjury, that he is the attorney of record for the named

defendant, Kareem Burke, and, in that capacity, he makes this declaration in support of

the relief sought in the annexed Notice of Motion for Suppression.  The statements

asserted as facts herein are based upon your Affirmant's examination of the indictment,

and complaint, and all such other material provided by the Government, upon his

conversations with the defendant, and upon his review of the record and all proceedings

previously had hereto.  All matters about which Affirmant lacks personal knowledge are

asserted herein as being upon information and belief.


   1. Presently the Defendant is indicted in 07-cr-1128 (DAB).


   2. Upon information and belief, and upon the facts as set forth in said Indictment, and

in all discovery provided to date, the police lacked sufficient reasonable suspicion to stop

the Defendant and effect a *Terry*-stop, and furthermore, lacked the requisite probable cause to arrest the Defendant.  Thus, the guns seized as a result of said stop and arrest must be suppressed.  Furthermore, any statements or utterances made by the defendant must be similarly suppressed as "fruit of the poisonous tree".

WHEREFORE, Declarant respectfully requests that this Court grant the relief sought in the annexed motion, together with all such further relief as this Court shall deem just and proper.

Respectfully submitted,

/s/ *Jeremy F. Orden*
Jeremy F. Orden, Esq.

Dated: 27 March 2008
      New York, NY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
===============================

## UNITED STATES OF AMERICA,

## — *versus* —

## KAREEM BURKE,

## Defendant.
===============================

## <u>Memorandum of Law</u>

## 07-cr-1128 (DAB)

## Table of Contents

Table of Authorities .................................................................. 1

Facts ........................................................................................ 3

The Defendant Was Stopped and Arrested in Violation
    of His Rights Under the Fourth Amendment ............. 4

## Table of Authorities

*Supreme Court Cases*
*Abel v. United States*, 362 U.S. 217, 80 S. Ct. 683, 4 L. Ed.2d 668 (1960) .......................11
*Dunaway v. New York,* 442 U.S. 200, 99 S. Ct. 2248, 60 L. Ed.2d 824 (1979) ..................6
*Florida v. Bostick,* 501 U.S. 429, 111 S. Ct. 2382, 2386, 115 L. Ed.2d 389 (1991) ..........5
*Florida v. Royer*, 460 U.S. 491, 103 S. Ct. 1319, 75 L. Ed.2d 229 (1983) ......................6, 7
*Illinois v. Rodriguez*, 497 U.S. 177, 110 S. Ct. 2793, 111 L. Ed.2d 148 (1990) ................6
*Illinois v. Wardlow*, 528 U.S. 119, 120 S. Ct. 673, 145 L. Ed.2d 570 (2000) ...................6
*Katz v. United States*, 389 U.S. 347, 88 S. Ct. 507, 19 L. Ed.2d 576 (1967) ....................4
*Mapp v. Ohio*, 367 U.S. 643, 81 S. Ct. 1684, 6 L. Ed.2d 1081 (1961) ..............................4
*Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S. Ct. 182,
                                                    64 L. Ed. 319 (1920) ..........................4
*Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed.2d 889 (1968) .....................5, *et seq.*
*Texas v. Brown*, 460 U.S. 730, 103 S. Ct. 1535, 75 L. Ed.2d 502 (1983) .......................6, 7
*United States v. Cortez,* 449 U.S. 411, 101 S. Ct. 690, 66 L. Ed.2d 621 (1981) ................6
*United States v. Sokolow*, 490 U.S. 1, 109 S. Ct. 1581, 1585, 104 L. Ed.2d 1 (1989) ........5
*Weeks v. United States,* 232 U.S. 383, 34 S. Ct. 341, 58 L. Ed. 652 (1914) ......................4
*Wong Sun v. United States,* 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed.2d 441 (1963) ...............4


*Circuit Court Cases*
*Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003) ...............................................6
*Caldarola v. Calabrese*, 298 F.3d 156 (2d Cir. 2002) ......................................................6
*Martinez v. Simonetti*, 202 F.3d 625 (2d Cir. 2000) ........................................................6
*Oliveira v. Mayer*, 23 F.3d 642 (2d Cir. 1994) ................................................................8
*United States ex rel. Walls v. Mancusi*, 406 F.2d 505, 508-09 (2d Cir.),
                                                    *cert. denied* 395 U.S. 958 (1969) ..............9
*United States v. Bakhtiar*, 913 F.2d 1053 (2d Cir. 1990),
                                                    *cert. denied* 499 U.S. 924 (1991) ...............5
*United States v. Beck*, 598 F.2d 497 (9th Cir. 1979) ........................................................9
*United States v. Ceballos*, 654 F.2d 177 (2d Cir. 1981) ....................................................10
*United States v. Gilbert*, 1998 WL 807768 (2d Cir. 1998) ................................................5
*United States v. Glover*, 957 F.2d 1004 (2d Cir. 1992) .......................................................5
*United States v. Hooper,* 935 F.2d 484 (2d Cir.), *cert. denied* 502 U.S. 1015 (1991) ..........5
*United States v. Lawes*, 292 F.3d 123 (2d Cir. 2002) .........................................................5
*United States v. Lee*, 916 F.2d 814 (2d Cir. 1990) ...........................................................11
*United States v. Muhammad*, 463 F.3d 115 (2d Cir. 2006) ................................................7
*United States v. Perea*, 986 F.2d 633 (2d Cir. 1993) .........................................................8
*United States v. Sinclair*, 983 F.2d 598 (4th Cir. 1993) ..................................................10
*United States v. Springer*, 946 F.2d 1012 (2d Cir. 1991) ..................................................9
*United States v. Stone*, 2000 WL 1341455 (2d Cir. 2000) ..................................................5
*United States v. Streifel*, 665 F.2d 414 (2d Cir. 1981 .........................................................9
*United States v. Terhani*, 49 F.3d 54 (2d Cir. 1995) ..........................................................5
*United States v. Vargas*, 369 F.3d 98 (2d Cir. 2004) .........................................................8
*United States v. Villegas*, 928 F.2d 512 (2d Cir.), *cert. denied* 502 U.S. 843 (1991) ...........5

*United States v. Wadley*, 185 Fed. Appx. 137 (3d Cir. 2006) ................................ 11
*United States v. White*, 648 F.2d 29 (D.C. Cir.), *cert. denied* 454 U.S. 924 (1981) ............ 11
*Weyant v. Okst*, 101 F.3d 845 (2d Cir. 1996) .......................................... 6

*District Court Cases*
*United States v. Beckham*, 325 F. Supp.2d 678 (E.D. Va. 2004) .......................... 10
*United States v. Berry*, 2005 WL 189706 (E.D.N.Y. 2005) .............................. 7-8
*United States v. Campbell*, 959 F. Supp. 606 (W.D.N.Y. 1997),
           *aff'd* 152 F.3d 921 (2d Cir. 1998) ................ 9
*United States v. Clay*, 2007 WL 37949 (D. Nev. 2007) ................................ 10
*United States v. Fisher*, 145 F. Supp.2d 853 (E.D. Mich. 2001) ........................ 11
*United States v. Forte*, 412 F. Supp.2d 258 (W.D.N.Y. 2006) ........................... 8
*United States v. Gonzalez*, 864 F. Supp. 375 (S.D.N.Y. 1994) ......................... 10
*United States v. Hatch*, 827 F. Supp. 536 (N.D. Ind. 1993),
    *aff'd* 1994 WL 445807 (7th Cir. 1994) ............................. 10
*United States v. Redick*, 2006 WL 908153 (D. Conn. 2006) ............................. 8
*United States v. Rojas*, 906 F. Supp. 120 (E.D.N.Y. 1995) ............................ 10
*United States v. Scopo*, 814 F. Supp. 292 (E.D.N.Y. 1993), *rev'd on other grounds*
    19 F.3d 777 (2d Cir.), *cert. denied* 513 U.S. 877 (1994) ..................... 10
*United States v. Terry*, 718 F. Supp. 1181 (S.D.N.Y. 1989),
    *aff'd* 927 F.2d 593 (2d Cir. 1991) ............................................ 10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================:
UNITED STATES OF AMERICA,      :

        :    07-cr-1128 (DAB)

        :

    — *against* —      :

        :

        :

KAREEM BURKE,      :

        :

    Defendant.      :
================================:

## **Memorandum of Law**

*Facts*

    Based upon the Complaint initially filed with the Court, on or about October 16th,

2007 an N.Y.P.D. officer observed the Defendant on Hammersley Avenue in the Bronx.

This event occurred at sometime during the daytime.  The Defendant was observed

walking while carrying a hooded sweatshirt.  Although the evidence is unclear as to what

the officer's saw, it is clear that they did emerge from their vehicle with their guns drawn.

As they approached the defendant he was told not to move.  Nevertheless, he did begin to

back up and then run down the street away from the police.  The officers gave chase, and,

during the chase Mr. Burke allegedly tossed away a gun.  Mr. Burke was captured after a

brief struggle.  Handcuffs were then placed on him.

    Following the defendant's arrest and transportation to the 47 Precinct, he made a

statement to the police regarding some troubles on the street being the reason he was

carrying a firearm.

_Legal Argument_

1. Background

The Fourth Amendment states, in relevant part, that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated."  Amend. IV, U.S. Const.  Under the exclusionary rule, as applicable in federal prosecutions, evidence obtained in violation of the Fourth Amendment cannot be used in a criminal proceeding against the victim of the illegal search and seizure. _Weeks v. United States,_ 232 U.S. 383, 398, 34 S. Ct. 341, 58 L. Ed. 652 (1914).  In accord _see also Mapp v. Ohio,_ 367 U.S. 643, 649, 81 S. Ct. 1684, 6 L. Ed.2d 1081 (1961).  This prohibition applies as well to the fruits of the illegally seized evidence.  _Wong Sun v. United States,_ 371 U.S. 471, 486, 83 S. Ct. 407, 9 L. Ed.2d 441 (1963); _Silverthorne Lumber Co. v. United States,_ 251 U.S. 385, 392, 40 S. Ct. 182, 64 L. Ed. 319 (1920).

Any search that is conducted outside the judicial process — _i.e._, in the absence of a search warrant — is _per se_ unreasonable under the Fourth Amendment.  _Katz v. United States_, 389 U.S. 347, 357, 88 S. Ct. 507, 19 L. Ed.2d 576 (1967).  And, any physical evidence seized as a result of such a search must be excluded from trial.  _Wong Sun_, _supra_, 371 U.S. at 487-88.

Nevertheless, there are circumstances under which the police may intrude a person that involves the Fourth Amendment.  This Circuit has recognized that there are three levels of inter-action between the police and civilians:

    1.  Consensual encounters;

      2.   Investigative stops; and

      3.   Arrests.

*United States v. Terhani*, 49 F.3d 54, 58 (2d Cir. 1995); *United States v. Hooper,* 935 F.2d 484, 490 (2d Cir.), *cert. denied* 502 U.S. 1015 (1991).

In the case of a "consensual encounter", the police require no justification for their inquiry as long as compliance with said inquiry is entirely voluntary on the civilian's part. *Florida v. Bostick,* 501 U.S. 429, 435, 111 S. Ct. 2382, 2386, 115 L. Ed.2d 389 (1991); *United States v. Stone*, 2000 WL 1341455 at **3 (2d Cir. 2000); *United States v. Glover*, 957 F.2d 1004, 1008 (2d Cir. 1992).

In the case of an "investigative stop", or more commonly called a *Terry*-stop, the police "must have a reasonable suspicion that the defendant has committed a crime, or will do so imminently." *United States v. Sokolow,* 490 U.S. 1, 7, 109 S. Ct. 1581, 1585, 104 L. Ed.2d 1 (1989); *United States v. Villegas,* 928 F.2d 512, 516 (2d Cir.), *cert. denied* 502 U.S. 843 (1991). See generally *Terry v. Ohio,* 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed.2d 889 (1968). In such circumstances, the degree of "suspicion" has been held to that of even less than a preponderance of the evidence. *United States v. Lawes*, 292 F.3d 123, 127 (2d Cir. 2002); *United States v. Gilbert*, 1998 WL 807768 at **1 (2d Cir. 1998).

In the case of an arrest and subsequent seizure, the Fourth Amendment requires that there exists a reasonable probability or a substantial chance that the accused has engaged in criminal activity. *United States v. Bakhtiar*, 913 F.2d 1053, 1062 (2d Cir. 1990), *cert. denied* 499 U.S. 924 (1991). Such belief on the officer's part requires "knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in

the belief that an offense has been committed by the person to be arrested." *Martinez v. Simonetti,* 202 F.3d 625, 634 (2d Cir. 2000). While absolute certainty on the officer's part is not required (*Illinois v. Rodriguez*, 497 U.S. 177, 195, 110 S. Ct. 2793, 111 L. Ed.2d 148 (1990) (Marshall, J., dissenting op.); *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003)), a commonsense standard (see *Texas v. Brown*, 460 U.S. 730, 742, 103 S. Ct. 1535, 75 L. Ed.2d 502 (1983); *United States v. Cortez,* 449 U.S. 411, 418, 101 S. Ct. 690, 66 L. Ed.2d 621 (1981)) based upon the totality of the circumstances will be the deciding factor to be utilized by the courts. *Caldarola v. Calabrese,* 298 F.3d 156, 162 (2d Cir. 2002). As defined by this Circuit,

> In general, probable cause to arrest exists when the officers have know-
> ledge or reasonably trustworthy information of facts and circumstances
> that are sufficient to warrant a person of reasonable caution in the belief
> that the person to be arrested has committed or is committing a crime.

*Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996), citing *Dunaway v. New York,* 442 U.S. 200, 208 n. 9, 99 S. Ct. 2248, 60 L. Ed.2d 824 (1979).

2. The Defendant's Behavior Provided No Basis for Reasonable Cause to Believe That
   He Was Engaged in Unlawful Conduct

Upon being approached by the police, who had their weapons drawn, Mr. Burke ignored their request to stop and proceeded in the opposite direction. Such action, in and of itself, is not a basis for a seizure. Under *Florida v. Royer*, 460 U.S. 491, 497-98, 103 S. Ct. 1319, 75 L. Ed.2d 229 (1983), one can refuse to answer the questions of the police and proceed on their way if no legitimate basis exists for the police to stop and investigate. Other surrounding circumstances which might be present may, however, provide a basis for the police to make such a legitimate stop. In *Illinois v. Wardlow*, 528

[6]

U.S. 119, 120 S. Ct. 673, 145 L. Ed.2d 570 (2000), the High Court was confronted with the situation where the defendant was in a high crime area, and, upon being approached by the police, fled in the opposite direction.  After being chased he was tackled and the police discovered a .38 calibre handgun on his person.  The Illinois Supreme Court ruled that the gun should have been suppressed, relying upon *Royer, supra*.  183 Ill.2d 306, at 311-12, 701 N.E.2d 484 (1998).  In the state's appeal of this decision, the Supreme Court reversed, and provided the judicial context for the analysis that similarly is to be applied in the case currently before the bar of this Court.  Relying upon *Texas v. Brown*, *supra*, Chief Justice Rehnquist wrote that one's presence in a high crime area is, in and of itself, an insufficient basis for a police officer to find reasonable suspicion that a person has committed a crime, or will do so.  528 U.S. at 124.  However, the police may take that factor into consideration in making their decision, along with other relevant factors present.  *Ibid*.  It is, to use the Chief Justice's words, a "relevant contextual considera-tion" in making the decision.  And, an accused's flight, upon the approach and inquiry by the police will then raise the stop to a legitimate investigative *Terry*-stop.

> Our cases have also recognized that nervous, evasive behavior is a pertinent factor in determining reasonable suspicion. . . . Headlong flight - wherever it occurs - is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.

*Ibid*.  Citations omitted.

In accord see *United States v. Muhammad*, 463 F.3d 115, 121 (2d Cir. 2006).

The problem, in the case at bar, is that the actions of the police went immediately to a forcible stop and arrest.  Instructive here is the decision of Judge Irizarry in *United States v. Berry*, 2005 WL 189706 (E.D.N.Y. 2005).  In that case plainclothes police officers, in

the early morning hours, in a high crime area, observed a group of people from a

distance.  Upon seeing the police the group began to scatter.  The officers observed the

defendant walking parallel to their vehicle, wearing a jacket, with one hand underneath in

a manner consistent with carrying an object.  The defendant walked in the opposite

direction from the police, and from behind a parked van, which obscured their view, the

officers heard what sounded like a metal clanking sound as something hit the ground.

Getting out of their vehicle the officers ordered the defendant to the ground and

handcuffed him.  Underneath the van they recovered a firearm.  *Id*. at \*1-\*2.  While the

court observed that reasonable suspicion existed to make a *Terry*-stop, the problem was

whether there was a sufficient factual basis to effect an arrest.

The district court relied upon the standard enunciated by the Circuit in *United States*

*v. Vargas*, 369 F.3d 98, 101 (2d Cir. 2004), *viz*.,

> In determining whether an investigatory stop is sufficiently intrusive to
> ripen into a *de facto* arrest, the Second Circuit considers the "amount of
> force used by the police, the need for such force, and the extent to which
> an individual's freedom of movement was restrained, and in particular
> such factors as the number of agents involved, whether the target of the
> stop was suspected of being armed, the duration of the stop, and the
> physical treatment of the suspect, including whether or not handcuffs were
> used."  *United States v. Perea,* 986 F.2d 633, 645 (2d Cir.1993) (internal
> quotation marks and citations omitted).

In accord see *Oliveira v. Mayer*, 23 F.3d 642, 645 (2d Cir. 1994); *United States v.*

*Forte*, 412 F. Supp.2d 258, 264-65 (W.D.N.Y. 2006); *United States v. Redick*, 2006 WL

908153 at \*5 (D. Conn. 2006).

Judge Irizarry thus found probable cause based upon (1) the sound of the gun clank-

ing on the ground, (2) the officer's testimony that they recognized such sound as a gun

hitting the sidewalk, (3) the accused's suspicious behavior, (4) the nearby suspicious street activity of the other people in the area, (5) the police officers' general experience, and (6) the fact that this all took place in a high crime area. 2005 WL 189706 at *5.

In the case at bar the police officers' maintain that immediately upon exiting their vehicle they had their guns drawn. At that point in time the only information available to them, that can be in any way credible is as follows:

> (1) Burke saw their weapons drawn and refused to comply with their orders,
>
> (2) he proceeded in the opposite direction, and
>
> (3) it was a "high crime area".

All that this arguably does, may have been, was to provide justification for a *Terry*-stop. This, however, was not a *Terry*-stop; rather it was an arrest. Having their guns drawn, under the circumstances of this case, and within the context of decisional law, an arrest was effected immediately. In other words, the police officers' actions completely by-passed the *Terry*-stop stage and went directly to a full arrest.

Generally, a stop in which the officers have their weapons drawn, and are pointing them at the suspect, will constitute an arrest, *i.e.*, the necessity of probable cause being present. See *United States v. Streifel*, 665 F.2d 414, 421-22 (2d Cir. 1981; *United States ex rel. Walls v. Mancusi*, 406 F.2d 505, 508-09 (2d Cir.), *cert. denied* 395 U.S. 958 (1969); *United States v. Campbell*, 959 F. Supp. 606, 611-13 (W.D.N.Y. 1997), *aff'd* 152 F.3d 921 (2d Cir. 1998). See generally *United States v. Springer*, 946 F.2d 1012, 1016 (2d Cir. 1991). See also *United States v. Beck*, 598 F.2d 497, 502 (9th Cir. 1979), and cases cited therein.

[9]

As the courts have made clear the issue comes down to one of "the degree of intrusion, the amount of force used, and the extent to which [the arrestee's] freedom of movement was curtailed."  *United States v. Ceballos*, 654 F.2d 177, 184 (2d Cir. 1981).

It is true that, under some circumstances, the drawing of a gun, by the police, will not, necessarily, raise the intrusion to that of an arrest, and the facts will still maintain it as a *Terry*-stop.  For example, where evidence of narcotics trafficking is pervasive, and there is only one officer present, *i.e.*, a heightened danger factor for the safety of the officer (*see, e.g., United States v. Rojas*, 906 F. Supp. 120, 126 (E.D.N.Y. 1995); *United States v. Terry*, 718 F. Supp. 1181, 1185 n. 2 (S.D.N.Y. 1989), *aff'd* 927 F.2d 593 (2d Cir. 1991); in accord see *United States v. Sinclair*, 983 F.2d 598, 602-03 (4th Cir. 1993)), or, where there is an auto stop with the attendant danger therein, *i.e.*, immediate flight and/or the use of the vehicle itself as an offensive weapon (*see, e.g., United States v. Gonzalez,* 864 F. Supp. 375, 383-84 (S.D.N.Y. 1994); *United States v. Scopo,* 814 F. Supp. 292, 297-98 (E.D.N.Y. 1993), *rev'd on other grounds* 19 F.3d 777 (2d Cir.), *cert. denied* 513 U.S. 877 (1994)), then a *Terry*-stop will be justified, even in the presence of drawn weapons by the police.

In accord see *United States v. Clay*, 2007 WL 37949 at *6-*7 (D. Nev. 2007); *United States v. Beckham*, 325 F. Supp.2d 678, 685-86 (E.D. Va. 2004) (drawing of weapons appropriate where report existed of defendant being armed, and he made gesture of a suspicious nature); *United States v. Hatch*, 827 F. Supp. 536, 543-48 (N.D. Ind. 1993), *aff'd* 1994 WL 445807 (7th Cir. 1994) (containing extensive discussion of this issue).

[10]

However, none of these factors were present in the case at bar.  *See, e.g., United States v. White*, 648 F.2d 29, 56-57 (D.C. Cir.), *cert. denied* 454 U.S. 924 (1981); United *States v. Fisher*, 145 F. Supp.2d 853, 859-61 (E.D. Mich. 2001) (no basis for police to have entered hotel room with weapons drawn; motion to suppress granted).  Confronted with drawn weapons by <u>several</u> officers, Mr. Burke's freedom of movement was sufficiently limited such that he was, *de facto*, under arrest.  In the absence of probable cause to arrest him, and none being present herein, the seized firearm must be suppressed.[1]


Dated:     March 27, 2008
           New York, NY                          Respectfully submitted,


                                                 /s/  *Jeremy F. Orden*
                                                 Jeremy F. Orden, Esq.
                                                 Attorney for Defendant BURKE

---

[1] The testimony that Mr. Burke tossed the gun away will not save it from being suppressed.  The case law is clear that abandoned property may only be subject to admissibility if the underlying arrest and/or search is a valid one under the Fourth Amendment, *i.e.*, that probable cause is present.  See generally *Abel v. United States*, 362 U.S. 217, 240-41, 80 S. Ct. 683, 4 L. Ed.2d 668 (1960); *United States v. Lee*, 916 F.2d 814, 818-19 (2d Cir. 1990).  In accord see *United States v. Wadley*, 185 Fed. Appx. 137, 143 (3d Cir. 2006).

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
================================:

UNITED STATES OF AMERICA,              :

                                       :       07-cr-1128 (DAB)

                                       :

— *against* —                          :

                                       :       <u>Affidavit in Support of</u>
                                       :          <u>Notice of Motion</u>
KAREEM BURKE,                          :         <u>to Suppress Evidence</u>

                                       :

            Defendant.                 :

================================:

State of New York}
County of New York}            s.s.:

I am Kareem Burke, the above-named Defendant in this action, and I

make this sworn statement in support of the annexed Motion to Suppress

evidence.


On the date in question I had a firearm on my person.

This firearm was completely obscured by the clothing I was holding in

my hands.


The weapon was, in no way, visible to any observer.

The police called me over and said, in effect, "Come over here."

I took a step towards them.  I saw at least one of them had their gun

drawn.  I turned around and proceeded away from them.

[12]

They chased after me as I fled from them, I tossed away the gun.

Eventually I was tackled and handcuffed.

/s/_____
Kareem Burke

Sworn to this

___ day of March 2008

_____
Notary Public

<u>CERTIFICATE OF SERVICE</u>

I am Jeremy Orden, Esq., and I make this Affirmation of Service under the laws against perjury of the United States.  On March 27, 2008 I did serve the annexed Notice of Motion and Supporting Papers on Amy Lester, Esq., Assistant U.S. Attorney for the Southern District of New York, by mailing, first class postage pre-paid, to Office of the U.S. Attorney, Southern District of New York, 1 St. Andrews Plaza, New York, NY 10007, the address designated for said service.

Dated:  27 March 2008                         /s/ *Jeremy F. Orden*
          New York, NY                         Jeremy F. Orden, Esq.

[14]